ROTHENBERG, J.,
(dissenting from the denial of the motion for clarification).
The Guardian Ad Litem Program (“GAL”) seeks clarification of this Court’s *244 opinion issued on October 27, 2010. Because I agree with the GAL that the opinion, as written, is subject to differing interpretations, I would grant the motion and clarify our opinion to leave no room for debate as to our holdings. Because my colleagues have not agreed to do so, I submit the following to clearly state my position regarding the interpretation of section 39.507(7), Florida Statutes (2009).
Section 39.507(7)(a) provides that “only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for purposes of proceedings under this chapter and may be based on the conduct of one parent, both parents, or a legal custodian.” This language reflects that an order of dependency relates to the status of the child. Thus, because section 39.507(7)(a) provides that “only one order adjudicating each child in the case dependent shall be entered,” and the conduct of either parent may result in an, adjudication of dependency, when the conduct of either or both parents warrants a finding of dependency with an adjudication, the child’s status is designated as an adjudication of dependency. This is so even if the conduct of one parent would not require the child’s status to be adjudicated dependent, if the conduct of the other parent warrants such a finding. Thus, the legal status of the child in this case is of an adjudicated dependent child based on the conduct of the father, despite a finding that the conduct of the child’s mother would only have required a withholding of an adjudication of dependency.
I recognize that the facts in this case present a conundrum. The child’s legal status was determined prior to a finding of the father’s paternity. Based on the mother’s conduct, the trial court found the child dependent but withheld adjudication. When the father was subsequently located and his conduct required an adjudication of dependency, the trial court was faced with two seemingly conflicting provisions set forth in section 39.507(7)(b): (1) whereas the status of the child may not be retried; (2) the trial court is permitted to make supplemental findings. To harmonize these two provisions, I would interpret the statute to preclude a retrial of the mother’s conduct for purposes of the statute, but allow for reconsideration of the child’s status based on the later determination of paternity and the conduct of the father.
Also, although the parties have not sought certification to the Florida Supreme Court, I would certify the following as questions of great public importance:
(1) Pursuant to section 39.507, may the trial court make two separate findings regarding the status of a child — one adjudicating the child dependent and one withholding an adjudication of dependency?
(2) Where, as here, a parent’s whereabouts is unknown, and an order has been entered finding the child dependent but withholding adjudication based on the conduct of the parent who is present, may the trial court in a subsequent proceeding change the child’s dependency status to one with an adjudication based on the conduct of the parent who appears after the original order of dependency was issued?